IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2018

**STATE OF TENNESSEE v. JAMES ARTHUR JOHNSON**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-129    Mark J. Fishburn, Judge**

_____

**No. M2018-00337-CCA-R3-CD**

_____

The pro se Defendant, James Arthur Johnson, appeals the Davidson County Criminal Court's summary denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J. ROSS DYER, JJ., joined.

James Arthur Johnson, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 25, 2007, the Davidson County Grand Jury indicted the Defendant for two counts of first degree premeditated murder of victims Marcus Edmondson and Ricky McCorkle, two counts of first degree murder in perpetration of a robbery, and aggravated robbery of victim Ricky McCorkle. Following a jury trial, the Defendant was found not guilty of the two counts of first degree premediated murder. The Defendant was convicted as charged for the remaining counts and received an effective sentence of life plus eleven years. The Defendant's convictions were affirmed by this court on direct appeal. See State v. James Arthur Johnson, No. M2009-01147-CCA-R3-CD, 2010 WL 3323796 (Tenn. Crim. App. Aug. 24, 2010), perm. app. denied (Tenn. Jan. 13, 2011).

The Defendant subsequently sought post-conviction relief, which was denied.[1]  See James Arthur Johnson v. State, No. M2015-00655-CCA-R3-PC, 2015 WL 7307848 (Tenn. Crim. App. Nov. 20, 2015), perm. app. denied (Tenn. Mar. 23, 2016).

On December 7, 2017, the Defendant filed a motion for relief from an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure asserting that his judgment of conviction and sentence were void.  Specifically, the Defendant alleged that he was "illegally convicted by the trial court for felony first degree murder (in the perpetration of aggravated robbery) of Marcus Edmondson due to [the Defendant's] not being indicted for the underlying felony of aggravated robbery of Marcus Edmondson.  [The Defendant] was only indicted for aggravated robbery (as the underlying felony) in the felony first degree murder of Ricky McCorkle[.]"  Additionally, the Defendant alleged that the "[t]rial court judge issued erroneous jury instruction[s] to the jury regarding finding [the Defendant] guilty of felony first degree murder of Marcus Edmondson based upon the jury instruction for aggravated robbery (as the underlying felony) committed against Ricky McCorkle."

On February 2, 2018, the trial court issued a written order summarily denying the Defendant's motion.  In the order, the trial court found:

> Here, [Defendant] is arguing that his sentence as to the felony murder of Marcus Edmondson is illegal because he was not indicted or convicted of an underlying felony against Mr. Edmondson.  Defendant's argument is misplaced.  Rule 36.1 is aimed at correcting sentencing errors.  Defendant is asserting that his entire conviction on this count is illegal.  This is not a proper assertion for a 36.1 claim.  Additionally, the Court of Criminal Appeals specifically found that there was sufficient evidence to support [Defendant's] convictions.  This issue appears to have been litigated.

It is from this order that the Defendant timely appeals.

## ANALYSIS

On appeal, the Defendant argues that the trial court erred in summarily denying his motion because (1) his conviction for felony murder against Marcus Edmonson is illegal because he was never charged or convicted of an underlying felony against Edmonson, and (2) the trial court judge erroneously instructed the jury that in order for the jury to

---

[1] In his brief to this court, the Defendant also references a petition for writ of habeas corpus, which he filed in 2017; however, no documentation related to that filing is included in the record.

find the Defendant guilty of felony murder of Marcus Edmondson, the jury must use the elements of robbery as set forth in the aggravated robbery charge of Ricky McCorkle. In addition, the Defendant argues that the trial court failed to make the requisite findings of fact required by Rule 36.1(e) in summarily denying his motion, thus failing to present an adequate and complete record for appellate review. The State counters that these claims do not entitle the Defendant to relief under Rule 36.1.

As an initial matter, it appears that the Defendant failed to attach to his motion a "copy of each judgment order at issue" and failed to state in his motion "that this is the first motion for the correction of the illegal sentence" as required by Rule 36.1. See Tenn. R. Crim. P. 36.1(a)(1) ("The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for failure to do so."). Nevertheless, we address the Defendant's arguments on the merits and conclude that the Defendant failed to establish a colorable claim for relief under Rule 36.1. Accordingly, the trial court properly denied the Defendant's motion.

Rule 36.1 allows a defendant or the State to seek the correction of an unexpired illegal sentence. See Tenn. R. Crim. P. 36.1(a)(1); State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). For the purposes of Rule 36.1, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, the defendant must establish a colorable claim that the sentence is illegal. Tenn. R. Crim. P. 36.1(b)(2). For the purposes of Rule 36.1, a colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). The determination of whether a Rule 36.1 motion states a colorable claim is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

The Defendant challenges the trial court's order denying his motion as deficient. Rule 36.1 specifically states that a trial court may summarily deny a defendant's motion if it does not present a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). "[T]he purpose of Rule 36.1's requirement that trial courts include their findings of fact and conclusions of law in the order granting or denying a Rule 36.1 motion is to 'facilitate appellate review.'" State v. Nero Oswald Jones, No. W2017-00145-CCA-R3-CD, 2017 WL 3841371, at *2 (Tenn. Crim. App. Aug. 31, 2017) (citing Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt.); see also Kelvin Reed v. State, No. W2017-02419-CCA-RC-

ECN, 2018 WL 4191228, at *7 (Tenn. Crim. App. Aug. 31, 2018).  The trial court's written order in this case was more than sufficient to facilitate appellate review.

Here, the Defendant's arguments surrounding his motion challenge the validity of his underlying conviction, not his sentence; therefore, his reliance on Rule 36.1 is misplaced.  As this court has repeatedly held, the purpose of a Rule 36.1 motion "is to provide an avenue for correcting allegedly illegal <u>sentences</u>.  The Rule does <u>not</u> provide an avenue for seeking the reversal of <u>convictions</u>."  <u>State v. Jimmy Wayne Wilson</u>, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (emphasis in original), <u>perm. app. denied</u> (Tenn. Nov. 19, 2014); <u>Justin Daniel Loines v. State</u>, No. E2017-02088-CCA-R3-PC, 2018 WL 3203118, at *3 (Tenn. Crim. App. June 29, 2018), <u>perm. app. denied</u> (Tenn. Oct. 10, 2018); <u>State v. Walter Andrew Ware</u>, No. W2017-01350-CCA-R3-CD, 2018 WL 1778608, at *2 (Tenn. Crim. App. Apr. 13, 2018); <u>see also</u> <u>Nero Oswald Jones</u>, 2017 WL 3841371, at *1 (holding appellant's claim that the trial court failed to properly instruct the jury was not a colorable claim for Rule 36.1 relief).  Even so, arguments regarding the validity of the Defendant's convictions are without merit as this court previously upheld the Defendant's convictions on appeal. <u>James Arthur Johnson</u>, 2010 WL 3323796, *1.  The Defendant is not entitled to relief.

## <u>CONCLUSION</u>

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE

- 4 -